UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERROLL D. HARTWELL, #51965                                               PETITIONER

V.                                                    CIVIL ACTION NO. 3:23-CV-552-TSL-ASH

BURL CAIN                                                                RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Erroll D. Hartwell filed this 28 U.S.C. § 2254 habeas petition against Mississippi Department of Corrections Commissioner Burl Cain challenging the Mississippi Parole Board's refusal to grant him parole. Respondent moved to dismiss Hartwell's petition. Mot. [16]. As explained below, the undersigned recommends the Court grant Respondent's motion and dismiss Petitioner's due-process claim with prejudice and his equal-protection claim without prejudice.

I.      Facts and Procedural History

In 1995, the Hinds County Circuit Court sentenced Hartwell to serve two consecutive life sentences following his guilty plea to two counts of murder. Under the version of Mississippi Code section 47-7-3(1) in effect then, Hartwell first became eligible for parole in November 2014. He has appeared before the parole board at least four times. Each time, the board denied Hartwell parole.[1]

In 2020, Hartwell filed a motion in his closed Hinds County criminal case seeking release based on the pandemic and referencing the fact that he had not yet been granted parole. Criminal

---

[1] Respondent submitted forms entitled Action of the Parole Board showing the parole board considered Hartwell for parole in October 2014, November 2017, July 2021, and June 2023. Aff. & Parole Action Forms [16-11]. Hartwell says the parole board "automatic[ally] denied" him parole in 2019 "given the pandemic." Mem. [1] at 7 (CM/ECF pagination).

File [15-1] at 5. In September of that year, the Circuit Court denied Hartwell's motion, declining "to refer Defendant for Parole Consideration." *Id.* at 14.

In 2022, Hartwell filed a Petition for an Order to Show Cause in Hinds County Circuit Court challenging the parole board's denials of his requests for parole. Civil File [15-2] at 4–8. The petition sat dormant in Hinds County for several months, so on March 13, 2023, Hartwell filed a Petition for Writ of Mandamus with the Mississippi Supreme Court. Supreme Court File [15-3] at 5. On March 27, 2023, the Hinds County Circuit Court entered an order directing the State of Mississippi to respond to Hartwell's Petition for an Order to Show Cause on or before April 10, 2023. Civil File [15-2] at 27. As a result, on March 31, 2023, the Mississippi Supreme Court dismissed Hartwell's mandamus petition as moot. *Id.* at 28. The State then moved to dismiss the Petition for an Order to Show Cause, and on May 2, 2023, the Hinds County Circuit Court granted that motion, agreeing with the State that "the circuit court lacks subject matter jurisdiction to hear an appeal of the Parole Board's decision(s) to deny Hartwell parole." *Id.* at 67. Hartwell does not dispute Respondent's assertion that he filed no appeal of the circuit court's dismissal.

Instead, Hartwell filed this habeas petition in August 2023. He asserts that he has been denied parole in violation of his due-process and equal-protection rights under the United States Constitution. As relief, he asks the Court to "grant [him] parole." Am. Pet. [4] at 15.[2] Respondent

---

[2] Hartwell previously moved for an evidentiary hearing [10], and the Court denied that request as premature. Order [12]. Because Hartwell's due process claim should be dismissed on the merits and his equal protection claim should be dismissed for failure to exhaust, no hearing is necessary. *See Sandoval Mendoza v. Lumpkin*, 81 F.4th 461, 471 (5th Cir. 2023) (explaining that district court has discretion whether to order an evidentiary hearing in a § 2254 case and it abuses that discretion only if petitioner shows that "the allegations of his petition, if proven true, . . . would entitle him to relief" (quoting *Blue v. Thaler*, 665 F.3d 647, 655 (5th Cir. 2011)).

2

moved to dismiss the petition, Hartwell responded in opposition, and Respondent filed a timely reply.

II.     Standards

Title 28 U.S.C. § 2254 permits the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A § 2254 petitioner generally must "exhaust[] the remedies available in the courts of the state." *Id.* § 2254(b)(1)(A).[3] "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Harper v. Lumpkin*, 64 F.4th 684, 691 (5th Cir. 2023) (quoting *Adekeye v. Davis*, 983 F.3d 678, 682 (5th Cir. 2019)). Finally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

III.    Analysis

A.      Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its . . . protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "State laws . . . may create liberty interests protected by the Due Process Clause." *Wansley v. Miss. Dep't of*

---

[3] Exhaustion is not required if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Neither Hartwell's petition nor the briefing on the motion to dismiss suggest any exception is applicable.

3

*Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). "When a state has a system of mandatory parole, such a liberty interest exists that implicates the procedural guarantees of the Due Process Clause." *Id.*

But it is well settled that "[p]arole . . . is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole." *Id.*; *see Mangum v. Miss. Parole Bd.*, 76 So. 3d 762, 768 (Miss. Ct. App. 2011) ("In Mississippi, the 'Board is given "absolute discretion" to determine who is entitled to parole' by statute." (quoting *Hopson v. Miss. State Parole Bd.*, 976 So. 2d 973, 975 (Miss. Ct. App. 2008))). Hartwell suggests that under 2014 and 2021 amendments to Mississippi's parole statutes, he is entitled to mandatory parole and, therefore, due process is implicated. Hartwell miscites and misquotes a portion of section 47-7-18, which now provides that certain "inmates eligible for parole pursuant to Section 47-7-3 shall be released from incarceration to parole supervision on the inmate's parole eligibility date, without a hearing before the board, if" five criteria are met. Miss. Code Ann. § 47-7-18(1). There are several problems with Hartwell's argument. For starters, the immediately preceding sentence states that "[n]o inmate convicted of . . . a crime of violence as defined by Section 97-3-2 . . . shall be released on parole without a hearing before the Parole Board as required by Section 47-7-17." *Id.* Hartwell's crime of conviction is murder under section 97-3-19, which is a crime of violence under section 97-3-2(1)(b) of the Mississippi Code. *See* Sentencing Orders [16-2] at 1, 2 (citing Mississippi Code section 97-3-19(1) as the crime of conviction). And even if the second sentence of section 47-7-18(1) applied to Hartwell, he has not shown he meets the five criteria for release to parole without a hearing.

More importantly, the Mississippi Supreme Court has expressly held that section 47-7-18(1) does not apply to individuals—like Hartwell—who were incarcerated before its adoption. *Rochell v. State*, 212 So. 3d 772, 775 (Miss. 2016); *accord Krecic v. Reid*, No. 3:22-CV-281-

4

DPJ-MTP, 2023 WL 2709725, at *2 (S.D. Miss. Feb. 27, 2023) ("[A]ny liberty interest created by the 2014 amendments would not inure to Petitioner as she was admitted to the custody of the Mississippi Department of Corrections in 1988."), *report and recommendation adopted*, 2023 WL 2703622 (S.D. Miss. Mar. 29, 2023). Simply put, because Hartwell has no liberty interest in parole, "he cannot complain of the denial of parole based on [an] allegation of a denial of due process." *Mangum*, 76 So. 3d at 768–69 (quoting *Cotton v. Booker*, No. 98-60106, 1998 WL 912201, at *1 (5th Cir. Dec. 18, 1998) (unpublished table decision)). His due-process claim should be dismissed with prejudice.

  B.  Equal Protection

  Hartwell also claims the parole board's denials violated his rights under the Equal Protection Clause, which "essentially requires that all persons similarly situated be treated alike." *Newell-Davis v. Phillips*, No. 22-30166, 2023 WL 1880000, at *3 (5th Cir. Feb. 10, 2023) (unpublished decision) (quoting *Mahone v. Addicks Util. Dist. of Harris Cnty.*, 836 F.2d 921, 932 (5th Cir. 1988)). Hartwell appears to assert that the State of Mississippi has treated him differently than similarly situated individuals who were convicted after the parole statutes were amended. *See* Resp. [6] at 3 ("Petitioner should receive the same rights [as those] who ha[ve] made parole under the passing of these laws."). Assuming this sets forth a valid equal-protection claim, Hartwell never exhausted it.

  Hartwell complained—both in his closed criminal case and in a separate state-court civil action—about his inability to obtain parole. But even if any of those filings can be read as having raised the equal-protection challenge he now brings, Hartwell did not appeal the trial courts' dispositions of his motions. He therefore has not "fairly presented [the equal-protection claim] to the highest state court." *Harper*, 64 F.4th at 691. Hartwell did not exhaust as required by

5

§ 2254(b)(1)(A) and has not shown that available state court procedures are absent or that they would be ineffective in addressing his claim. 28 U.S.C. § 2254(b)(1)(B); *see Krecic*, 2023 WL 2709725, at *4 (explaining that "claim concerning a Mississippi prisoner's eligibility for parole is cognizable under the state post-conviction relief act" (quoting *Lott v. Murphy*, No. 93-7398, 1994 WL 122125 (5th Cir. Mar. 24, 1994) (unpublished decision))). The equal-protection claim should be dismissed without prejudice for failure to exhaust.

IV.   Recommendation

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the undersigned recommends Hartwell's due-process claim be dismissed with prejudice and his equal-protection claim be dismissed without prejudice for failure to exhaust.

V.    Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72(b)(2), Local Rule 72(a)(3), and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[4] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except

---

[4] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 13th day of January, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE